## *Trustees of the Ministerial and School Fund in* Dutton *vs.* Kendrick.

By the statute of 1824, *ch.* 254, *sec.* 2, the selectmen, town clerk, and treasurer for the time being, of every town in the State, where other trustees for the same purpose had not been previously appointed, are made trustees of the ministerial and school funds in such towns forever. This being a general law of which the Court are bound to take judicial notice, it is not necessary in an action brought by such trustees in that capacity, to prove by a record their regular organization as a corporation.

By pleading the general issue, however, the defendant waives the right to make such an objection to the competency of the plaintiffs.

A note *not negotiable*, given for a subsisting account, is no bar to an action on the account.

If the defendant would object that another should have been made co-defendant, it should be by plea in abatement.

Assumpsit upon the following note of hand, *viz.*

"*Bangor, April* 14, 1828.

"For value received, I promise to pay the treasurer of the town "of *Dutton* thirty dollars in six months, and interest.

"*Joseph Kendrick.*"

There was also an account annexed to the writ, in which the defendant was charged with stumpage on the ministerial and school lands in *Dutton*, for the years 1827 and 1828. The writ also contained the usual money counts.

The defendant pleaded the general issue and filed a brief statement relying upon the statute of limitations.

The plaintiffs, to maintain the action, read the note, and called *Elisha Gibbs* as a witness; who testified that the plaintiff and himself, in the winter of 1827 and 1828, logged on the ministerial and school land in *Dutton*; that in the spring of 1828, *Robert Harvey*, agent of the town of *Dutton*, called on *Gibbs* for the stumpage, and by arrangement between them, *Harvey* took the note of the defendant for $30, being the whole amount of the stumpage, and gave a receipt in full discharge therefor. He testified further, that said trustees had acted as a corporate body, and had usually chosen the treasurer of the town, treasurer of said trustees. No other evidence of the existence of the corporation was offered.

Upon this evidence, by arrangement between the parties, *Perham J.* ordered a nonsuit, to which exceptions were filed by the plaintiffs, and the cause brought into this Court.

*J. Appleton*, to show the action rightly brought in the name of the plaintiffs, cited *Pigot* v. *Thompson*, 3 *B. & P.* 147; *Bowen* v. *Morris*, 2 *Taunt.* 374; *Cumberland* v. *Cadington*, 3 *Johns. Ch. R*, 255; 4 *Barn. & Ald.* 437.

The note may be given in evidence under the money counts. *Foster* v. *Shattuck.* 2 *N. H.* 447; *Weston* v. *Gould*, 4 *Wendell*, 680.

The action may be maintained on the account annexed or money counts, the note not being payment. *Thurston* v. *Paine*, 5 *Johns.* 70; *Cornell* v. *Lamb*, 20 *Johns.* 407; *Putnam* v. *Lewis*, 8 *Johns.* 390; *Schemerhorn* v. *Lewis*, 7 *Johns.* 310; 15 *Johns.* 249; *Corliss* v. *Cummings*, 6 *Con. R.* 187; 7 *Taunt. R.* 312; 5 *Wend.* 15; 9 *Con. R.* 23; 7 *Term R.* 64; *Green-*

Trustees of the Ministerial and School Fund in Dutton v. Kendrick.

*wood* v. *Curtis*, 4 *Mass.* 93; *Thatcher* v. *Dinsmore*, 5 *Mass.* 299; *Maneely* v. *McGee*, 6 *Mass.* 145.

The defendant cannot take advantage of the nonjoinder of a co-defendant, except by plea in abatement. *Robinson* v. *Robinson*, 1 *Fairf.* 240.

The objection also to the want of organization, comes too late after the general issue pleaded. *Proprs. of Ken. Purchase* v. *Call*, 1 *Mass.* 485; *Gilbert* v. *Nantucket Bank*, 5 *Mass.* 97; 1 *Mass.* 159; 3 *Pick.* 245; 13 *Mass.* 199; 10 *Mass.* 91; 10 *Wend.* 269.

*Kent*, for the defendant, contended that the case shew no sufficient evidence that the plaintiffs were a corporation. *Maine Stat. ch.* 254. The defendant has not recognised them as such by his contract, for he promised to pay the *treasurer of the town of Dutton.* That the plaintiffs were bound to show the organization, he cited *Jackson* v. *The Trustees of Union Academy*, 8 *Johns.* 378. Notwithstanding the general issue had been pleaded. *Bank of Auburn* v. *Weed & al.* 19 *Johns.* 300. They are not trustees by mere force of the law. They cannot be regarded as such until after organization, or until the contingency named in the *stat. ch.* 254, has occurred, viz. that no others have been appointed.

In this case there is no evidence of a promise to the plaintiffs. The promise is to the treasurer of the town of *Dutton.* And an action in the name of that town might be maintained on the note, but in the name of no other corporation or person. *Medway Cotton Manufactory* v. *Adams*, 10 *Mass.* 360.

The plaintiffs cannot resort to the original cause of action, because that has been discharged. And if they could, this action cannot be maintained, because it should have been against both. The plaintiffs having declared on the note, renders a plea in abatement unnecessary.

WESTON C. J. — The legal capacity of the plaintiffs to maintain the action is controverted. By the *statute* of 1824, *ch.* 254, *sec.* 2, the selectmen, town clerk, and treasurer, for the time being, of every town in the State, where other trustees for the same purpose had not been previously appointed, are made trus-

tees of the ministerial and school funds in such towns forever. It does not appear, nor is it suggested, that other trustees had ever been appointed in the town of *Dutton*. It is a trust confided, and a duty imposed, by law upon certain officers of each town respectively. They became trustees, by the acceptance of the offices. They are inseperably connected. No individual can accept the one, and decline the other. There is evidence in the case, not objected to, that they had acted as a corporation. Their existence as such is declared by a public law, of which we are bound to take judicial notice.

But by pleading the general issue, the defendant has by our law, waived that objection, and admitted the legal existence and competency of the plaintiffs. The law is otherwise understood in *New York*; as appears by the cases cited for the defendant. In the *Proprietors of Monumoi beach* v. *Rogers*, 1 *Mass.* 159, and in the *Proprietors of the Kennebec Purchase* v. *Call.* 1 *Mass.* 483, it was holden that the existence of the plaintiffs as a corporation, could be questioned only by a plea in abatement. And in the *First Parish in Sutton* v. *Cole*, 3 *Pick.* 232, the same rule of law is recognised as a settled principle ; and that, by pleading the general issue, the defendant thereby admits the capacity of the plaintiffs in the character, under which they have assumed to act. And such we understand to be the law and practice of this state.

The note declared on, was given to the treasurer of *Dutton*, one of the trustees, and as the plaintiffs were the party in interest, it is insisted that the promise expressed therein enures to them, and authorizes an action in their name. And cases, tending to support this position, have been cited. As, however, we sustain the action upon another ground, it is unnecessary to give an opinion upon this point.

If the note given to the treasurer of *Dutton*, if negotiable, would have been payment of the plaintiffs' debt, which might be questionable, unless it enured to their use, not being negotiable, it was no payment. By the common law, a simple contract debt was not discharged by any other promise. The law of *Massachusetts*, and of some other States, holding the same doctrine, is peculiar, in regarding a . negotiable note as payment of a prior

debt. It is founded upon its negotiable character, and does not apply to other instruments. It is true, the treasurer of *Dutton* gave a receipt in full for the stumpage due to the plaintiffs. But if it was competent for him alone to discharge their debt, it is testimony open to explanation ; and must be understood to operate effectively only upon payment of the note.

If the note was no payment, the plaintiffs had a claim for stumpage upon the defendant, and upon his associate, *Elisha Gibbs*. For this they have sued the defendant alone. If he would have availed himself of the nonjoinder of *Gibbs*, he should have pleaded in abatement. Not having done so, this objection cannot be taken under the general issue. The case of *Robinson* v. *Robinson*, 1 *Fairf.* 240, is directly in point.

With regard to the statute of limitations, relied upon in the brief statement, it appears that both *Gibbs* and the defendant acknowledged the existence of the debt, within six years before the commencement of the action.

The exceptions are sustained, the nonsuit set aside, and a new trial granted.